ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ROSA LEE QUIÑONES CARABALLO, MYRIAM L. MALAVÉ PÉREZ, LESBIA RAMOS CASTILLO Y NAYRA PÉREZ GUTIÉRREZ<br><br>Recurridas<br><br>v.<br><br>THE NEW 5-7-9 AND BEYOND, INC. H/N/C RAINBOW APPAREL DISTRIBUTION CENTER H/N/C MARIANNE<br><br>Recurrentes | TA2026CE00134 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: YU2025CV00434<br><br>Sala: 604<br><br>Sobre: Despido injustificado (Ley Núm. 80), Procedimiento Sumario bajo la Ley Núm. 2 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 17 de abril de 2026.

Compareció The New 5-7-9 and Beyond, Inc. (en adelante, 5-7-9 o parte peticionaria) mediante el recurso de *Certiorari* presentado el 5 de febrero de 2026. Nos solicitó la revisión la *Resolución* emitida el 26 de enero de 2026 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, foro primario). Mediante esta, el foro primario denegó una solicitud de relevo de sentencia presentada por el peticionario.

Por los fundamentos que expondremos a continuación, se **expide** el recurso de *Certiorari*, se **revoca** la Resolución recurrida y se **devuelve** el caso para que el tribunal *a quo* celebre una vista evidenciaria con el fin de determinar si en este caso existe una negligencia excusable que amerite el relevo de sentencia.

**-I-**

El 25 de agosto de 2025, la Sra. Rosa Lee Quiñones Caraballo (en adelante, señora Quiñones Caraballo), la Sra. Myriam Malavé Pérez (en adelante, señora Malavé Pérez) y la Sra. Lesbia Ramos Castillo (en adelante, señora Ramos Castillo) (en conjunto, querellantes o recurridas) presentaron la querella de epígrafe.[1] En esencia, alegaron que habían trabajado por muchos años para diversas tiendas pertenecientes a la compañía de 5-7-9. Sostuvieron que, decidieron despedirlas de sus respectivos empleos sin considerar el buen desempeño y sin evaluar ni ofrecerles la posibilidad de reubicación o traslado a otras tiendas operadas por la misma entidad. Por consiguiente, las querellantes solicitaron remedios al amparo de la Ley Núm. 80 de 30 de mayo de 1976, conocida como la *Ley Sobre Despidos Injustificados,* según enmendada, 29 LPRA sec. 185 *et seq.* (en adelante, Ley Núm. 80), Ley Núm. 180 de 27 de julio de 1998, conocida como la *Ley de Vacaciones y Licencia por Enfermedad de Puerto Rico*, según enmendada, 29 LPRA sec. 250 *et seq.* (en adelante, Ley Núm. 180) y Ley Núm. 2 de 17 de octubre de 1961, conocida como *la Ley de Procedimiento Sumario de Reclamaciones Laborales*, según enmendada, 32 LPRA sec. 3118 *et seq.* (en adelante, Ley Núm. 2).

El 28 de agosto de 2025, las querellantes presentaron una enmienda a la querella de epígrafe para añadir a los codemandados.[2] Posteriormente, las querellantes presentaron *Moción Informando Emplazamiento Diligenciado.*[3] Indicaron que 5-7-9 había sido debidamente emplazada el 28 de agosto de 2025, por conducto de su agente residente CT Corporation System Inc. (en adelante, CT Corporation).

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 1, pág. 1-6.
[2] SUMAC-TPI, entrada núm. 4, págs. 1-7.
[3] SUMAC-TPI, entrada núm. 6, págs. 1-2.

El 9 de octubre de 2025, las querellantes presentaron *Moción Solicitando Anotación de Rebeldía y Que Se Dicte Sentencia.*[4] Sostuvieron que por haber transcurrido el término para que 5-7-9 presentara alegación responsiva, el foro primario debía anotar la rebeldía a la entidad querellada y dictar sentencia para conceder el remedio solicitado.

Tras varios asuntos procesales, el 11 de diciembre de 2025, el foro primario emitió una *Sentencia,* mediante la cual declaró *Ha Lugar* la querella de epígrafe.[5] A su vez, condenó a 5-7-9 a satisfacer el pago a favor de las querellantes ascendente a $185,357.59, así como el pago por la cantidad de $27,803.63 en concepto de honorarios de abogado.

Insatisfecha con la determinación del foro primario, el 7 de enero de 2026, 5-7-9 presentó *Solicitud de Relevo de Sentencia al Amparo de la Regla 49.2 de Procedimiento Civil.*[6] En específico, aceptó que CT Corporation fungía como agente residente de 5-7-9 en Puerto Rico, y, por ende, le correspondía recibir y notificar adecuadamente a la entidad querellada sobre la radicación de cualquier reclamación presentada en su contra. Adujo, que al CT Corporation recibir el emplazamiento dirigido a 5-7-9, ésta procedió a remitirlo únicamente a una dirección de correo electrónico incorrecta e inexistente y no por correo postal, según era la costumbre entre ambas entidades.

En la referida moción, 5-7-9 solicitó al foro primario un relevo de sentencia fundamentada en negligencia excusable la cual acompañó con declaraciones juradas. En esencia, en las declaraciones juradas se planteó que, CT Corporation remitió la notificación del emplazamiento únicamente a la dirección de correo

---

[4] SUMAC-TPI, entrada núm. 7, págs. 1-2.
[5] SUMAC-TPI, entrada núm. 17, págs. 1-6.
[6] SUMAC-TPI, entrada núm. 24, págs. 1-17.

electrónico jchebar@Thenew579.com y no a la dirección correcta, jchehebar@rainbow.us. Según surge de las declaraciones juradas, dicho correo no correspondía a una dirección válida, lo que imposibilitó a 5-7-9 a comparecer dentro del término correspondiente. Sostuvo por igual, que advino en conocimiento de la reclamación luego de realizar un monitoreo interno de casos involucrados con la compañía. Indicó que dicha revisión reveló un patrón previo de negligencia por parte de CT Corporation al no notificar adecuadamente emplazamientos y querellas en, al menos, dos casos anteriores al de epígrafe. Como defensas, 5-7-9- planteó en la moción que las querellantes formaban parte del grupo de empleados cuyos puestos fueron eliminados como resultado de un proceso de reestructuración corporativa. Alegó, que las reclamaciones de las querellantes guardaban relación con los casos previamente mencionados, en los cuales CT Corporation no notificó adecuadamente a 5-7-9 sobre las querellas y emplazamientos instadas en su contra. Por entender que existía negligencia excusable, solicitó al foro primario que le relevara de la sentencia que dictó en rebeldía, le concediera el término jurisdiccional establecido en la Ley Núm. 2, *supra,* y continuara con los procedimientos.

En respuesta, el 13 de enero de 2026, las querellantes presentaron *Moción en Oposición a Relevo de Sentencia al Amparo de la Regla 49.2 de Procedimiento Civil.*[7] Adujeron que, del expediente no surgía que, 5-7-9 hubiese instado alguna reclamación o acción judicial o extrajudicial contra CT Corporation para confirmar los planteamientos referente a que su agente residente no actuó adecuadamente. Por lo cual, solicitaron al foro primario que denegara la moción de relevo de sentencia presentada por 5-7-9.

---

[7] SUMAC-TPI, entrada núm. 30, págs. 1-25.

Evaluados los planteamientos de las partes, el foro primario dictó el 26 de enero de 2026, la *Resolución* recurrida, en la cual declaró *No Ha Lugar* la solicitud de relevo de sentencia presentada por 5-7-9. Dicha determinación fue emitida sin explicación ni fundamento alguno.

Inconforme, la parte peticionaria presentó el 5 de febrero de 2026, el recurso de *Certiorari* que nos ocupa, y señaló la comisión del siguiente error:

> Erró el TPI al denegar la Solicitud de Relevo de Sentencia, no obstante, la prueba juramentada e incontrovertida de que la incomparecencia de la Peticionaria respondió a circunstancias ajenas a su control que le impidieron comparecer oportunamente y ejercer su defensa, incurriendo así en abuso de discreción y error de derecho, al privarla de su oportunidad de ser oída y producir un resultado contrario al propósito reparador de la Regla 49.2 de Procedimiento Civil.

Por su parte, el 23 de febrero de 2026, las querellantes presentaron la oposición al recurso de epígrafe.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

-II-

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez*, supra, pág. 847.

Para decidir si expide o no el recurso, este tribunal intermedio debe evaluar los recursos de certiorari a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de

cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

## B. Relevo de Sentencia y la Ley Núm. 2

Las adjudicaciones finales de un tribunal gozan de una presunción de validez y corrección, por lo que son recipientes de una acostumbrada deferencia. *SLG Rivera-Pérez v. SLG Díaz-Doe, et al,* 207 DPR 636, 657 (2021); *López García v. López García,* 200 DPR 50, 59 (2018). Sin embargo, la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, provee un vehículo procesal mediante el cual una parte adversamente afectada por una sentencia, solicita el relevo de esta. *Oriental Bank v. Pagán Acosta y otros,* 2024 TSPR 133, 215 DPR ___ pág. 11 (2024); *Pérez Ríos et al. v. CPE*, 213 DPR 203, 214 (2023); *SLG Rivera-Pérez v. SLG Díaz-Doe et al*, supra, pág. 656-657; *López García v. López García,* supra, pág. 59.

La precitada Regla dispone el mecanismo procesal disponible para solicitar al foro de instancia el relevo de los efectos de una sentencia, orden o procedimiento, por las siguientes razones:

> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> (d) nulidad de la sentencia;
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Regla 49.2 de Procedimiento Civil, supra. Véase *Oriental Bank v. Pagán Acosta y otros,* supra; *Pérez Ríos et al. v. CPE,* supra.

El propósito de la precitada Regla es proveer un justo balance entre dos intereses conflictivos de nuestro ordenamiento

jurídico. *HRS Erase vs. CMT*, 205 DPR 689, 698 (2020); *López García v. López García,* supra, pág. 60. Por una parte, busca adelantar el interés de que los casos se resuelvan en sus méritos para hacer justicia sustancial y, por otro lado, el que los pleitos lleguen a su fin. *HRS Erase vs. CMT*, supra, pág. 698; *López García v. López García*, supra, pág. 60. Por tal razón, la Regla dispone un término fatal de seis (6) meses para la presentación del relevo de sentencia al amparo de esta Regla. *Oriental Bank v. Pagán Acosta y otros,* supra, pág. 8; *García Colón v. Sucn. González,* 178 DPR 527, 543 (2010). Este término persigue que las determinaciones judiciales que hayan advenido finales y firme no queden expuestas a su alteración de manera indefinida. *Piazza Vélez v. Isla del Río, Inc.,* 158 DPR 440, 449 (2003).

Para que proceda el remedio de relevo de sentencia, es imperativo que el peticionario aduzca y justifique su solicitud en, al menos, una de las razones enumeradas en la precitada Regla. *Pérez Ríos et al. v. CPE*, supra, pág. 214; *García Colón v. Sucn. González*, supra, pág. 540; *Reyes v. ELA et al*, 155 DPR 799, 809 (2001). Sin embargo, no será suficiente que se alegue la presencia de uno de los mencionados escenarios para que el tribunal deje sin efecto el dictamen notificado. El juzgador deberá evaluar el expediente del caso en su totalidad y determinar si bajo las circunstancias particulares del asunto amerita que se deje sin efecto la sentencia. *García Colón v. Sucn. González*, supra, pág. 540; *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 817-818 (1986). Asimismo, el tribunal debe considerar los siguientes criterios: (1) cualquier defensa válida que pueda levantar la parte que se opone al relevo de sentencia; (2) el tiempo que transcurrió entre la sentencia y la solicitud del relevo; (3) el perjuicio que sufriría la parte opositora si se concede la solicitud del peticionario; y (4) el perjuicio que sufriría

la parte promovente de dejarle desprovista del remedio solicitado. *Pardo v. Sucn. Stella*, 145 DPR 816, 825 (1998).

Es menester destacar que, aunque debe interpretarse liberalmente, el mecanismo de relevo de sentencia es una facultad discrecional del tribunal de instancia. *López García v. López García*, supra, pág. 61. No obstante, los tribunales no pueden dar una atención desmedida a uno de los dos intereses que deben balancearse. *García Colón v. Sucn. González*, supra, pág. 541; *Piazza Vélez v. Isla del Río, Inc.*, supra, pág. 448.

Por otra parte, la Ley Núm. 2, *supra*, se creó con el fin de establecer un procedimiento sumario para los casos de reclamaciones de obreros y empleados contra sus patronos por servicios prestados. *Collazo Muñiz v. New Fashion World Corporation*, 2025 TSPR 22, 215 DPR ___ pág, 5 (2025). Dicha legislación establece un procedimiento sumario en el que el patrono viene obligado a presentar su contestación dentro de unos términos más cortos que los provistos para los procedimientos ordinarios. *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 929 (2008). Sobre lo anterior, el foro juzgador debe cumplir cabalmente con el procedimiento dispuesto en la Ley Núm. 2, *supra*, pues carece de jurisdicción para extender el término para contestar la querella, a menos que ocurra la concesión de una prórroga. *Íd.* pág. 930. Por ello, si el querellado no contesta en el término correspondiente sin acogerse a una prórroga, lo que procede anotar la rebeldía. *Rodríguez Gómez v. Multinational Ins.* 207 DPR 540, 553 (2021); *Vizcarrondo Morales v. MVM, Inc.,* supra*,* pág. 935.

Luego de anotar la rebeldía, el tribunal debe celebrar las vistas que sean necesarias para que la parte querellante sustente sus alegaciones y pruebe los daños reclamados, según las normas que reglamentan los procedimientos en rebeldía. *Íd,* pág. 937.

Ahora bien, la Sección 6 de la Ley Núm. 2, *supra,* dispone el remedio una vez se dicte sentencia. En particular, establece lo siguiente:

> Cuando se dicte sentencia en virtud de las Secciones 4 o 6 de esta ley, el tribunal conservará la discreción que le concede la Regla 49.2 de Procedimiento Civil para el Tribunal General de Justicia en casos de error, inadvertencia, sorpresa, excusable negligencia [y/o] fraude, pero la Ley de Procedimiento Sumario de Reclamaciones Laborales, moción invocando dicha discreción deberá radicarse dentro del término de sesenta (60) días de notificada la sentencia a las partes y deberán exponerse en la misma, bajo juramento, los motivos en que se funda la solicitud. De no radicarse dicha moción dentro del término y en la forma aquí dispuestos, el tribunal deberá declararla sin lugar de plano.

32 LPRA sec. 3125.

**-III-**

En el recurso de epígrafe, la parte peticionaria planteó que el Tribunal de Primera Instancia incidió al denegar una solicitud de relevo de sentencia, toda vez que existen unas circunstancias ajenas a su control que le impidieron comparecer oportunamente. Tras examinar el expediente ante nuestra consideración, así como el derecho aplicable, revocamos la *Resolución* recurrida.

Surge del expediente ante nuestra consideración, que las recurridas presentaron una querella contra la parte peticionaria, mediante la cual solicitaron remedios al amparo de la Ley Núm. 80, Ley Núm. 180 y Ley Núm. 2. Debido a que la parte peticionaria es una corporación, las recurridas diligenciaron el emplazamiento a través de su agente residente, CT Corporation. Sin embargo, conforme alegó la parte peticionaria, el agente residente no le notificó adecuadamente de la querella instada en su contra, toda vez que remitió copia de la notificación a una dirección de correo electrónico incorrecta e inexistente. En apoyo a su reclamo, la parte peticionaria presentó declaraciones juradas mediante las cuales sostuvo que su agente residente utilizó la dirección electrónica

jchebar@Thenew579.com, en lugar de la correcta jchehebar@rainbow.us, circunstancia que, según aduce, le impidió comparecer oportunamente.

Conforme a lo esbozado en el entendido doctrinal, la Regla 49.2 de Procedimiento Civil, *supra,* establece el mecanismo mediante el cual una parte puede solicitar el relevo de una sentencia, orden o procedimiento cuando ha sido afectada adversamente. Dicho remedio procede por razones como error, inadvertencia, sorpresa o negligencia excusable, descubrimiento de una nueva evidencia, fraude, nulidad de sentencia, cumplimiento o inequidad en su aplicación, o cualquier otra causa que justifique conceder el remedio.

En el presente caso, ciertamente la parte peticionaria no compareció oportunamente, por lo que el foro primario dictó sentencia en rebeldía en su contra. La precitada Ley y la jurisprudencia aplicable no le dan espacio al Tribunal de Primera Instancia para hacer algo en contrario. *Rodríguez Gómez v. Multinational Ins.*, supra, pág. 553; *Vizcarrondo Morales v. MVM, Inc.,* supra*,* pág. 935. Sin embargo, al comparecer posteriormente mediante solicitud de relevo de sentencia al amparo de la Sección 6 de la Ley Núm. 2, *supra,* adujo que su agente residente no le notificó adecuadamente de la querella de epígrafe, al haber remitido la notificación a una dirección de correo electrónico errónea. En virtud de ello, sostuvo que medió negligencia excusable lo cual justificaba revisar su solicitud y darle oportunidad de comparecer. A pesar de ello, el foro primario denegó la solicitud de relevo de sentencia, sin evaluar la prueba presentada a los fines de corroborar la alegada existencia de error o inadvertencia por parte del agente residente.

Por tanto, ante la moción de relevo de sentencia fundamentada por la parte peticionaria, el Tribunal de Primera Instancia erró al denegarla con un mero *No Ha Lugar,* sin indagar

sobre los méritos de la alegada negligencia excusable. Por todo lo anterior, revocamos la determinación recurrida y se ordena la celebración de una vista evidenciaria a los fines de dilucidar si, en efecto, medió negligencia excusable que justifique el remedio solicitado por la parte peticionaria.

## -IV-

Por los fundamentos esbozados anteriormente, **expedimos** el recurso de epígrafe, **revocamos** la Resolución recurrida, y **devolvemos** el caso al foro de instancia para que celebre una vista evidenciaria con el fin de determinar si existe o no una negligencia excusable que amerite el relevo de la sentencia.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones